IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM DAVIDSON HAMBY, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:12-CV-01296 |
| v. ) | Judge Sharp/Bryant |
| ) | |
| BETH GENTRY, et al., ) | |
| ) | |
| Defendants, ) | |

# REPORT AND RECOMMENDATION

This matter is on referral to the undersigned for, inter alia, pretrial management of the case, including recommendation for ruling on any dispositive motions (Docket Entry No. 3). Plaintiff William Davidson Hamby, Jr., filed a "Motion to File Tort Against Defendants," essentially seeking a preliminary injunction to freeze the assets of the defendants (*See* Docket Entry No. 16). Defendants Beth Gentry and Sheriff Daron Hall filed a response opposing the injunction (Docket Entry No. 17). For the reasons stated below, the undersigned Magistrate Judge recommends that the plaintiff's be DENIED.

In considering whether to issue a preliminary injunction, a court considers the following four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted). None of the four factors is a prerequisite, but the factors are to be balanced against one another. *Id.* "A preliminary

1

injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id*.

Here, regardless of whether the plaintiff has alleged sufficient facts to state a claim against these defendants, the plaintiff has not alleged or submitted any evidence warranting a preliminary injunction. The bald allegation that the defendants have previously attempted to hide assets is entirely insufficient to demonstrate a need for a preliminary injunction. The plaintiff has not alleged or submitted any evidence demonstrating he has a strong likelihood of success on the merits of his constitutional claims, that he would be harmed in the absence of an injunction or that an injunction would benefit the public interest. Therefore, the motion for a preliminary injunction should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 27th day of June, 2013.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
