IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM DAVIDSON HAMBY, Jr., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:12-CV-01296 |
| | ) Judge Sharp/Bryant |
| BETH GENTRY, et al., | ) |
| Defendants, | ) |

TO: The Honorable Kevin Sharp

## REPORT AND RECOMMENDATION

This matter is on referral to the undersigned for, inter alia, pretrial management of the case, including recommendation for ruling on any dispositive motions (Docket Entry No. 3). Defendant Beth Gentry and Sheriff Daron Hall filed a motion to dismiss Plaintiff William Davidson Hamby's claims (Docket Entry No. 13). For the reasons stated below, the undersigned Magistrate Judge recommends that defendants' motion to dismiss be granted in part and denied in part.

## Statement of the Case

On December 13, 2012, Plaintiff William Davidson Hamby, Jr., a prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 alleging Defendant Beth Gentry violated his constitutional rights by: (1) placing him in administrative segregation housing, instead of "special needs" housing, (2) subjecting him to "brutal[ly] cold" temperatures, (3) requiring him to be handcuffed during his hour of recreational time, and (4) discriminating against him by allowing other "white inmates the right to return to

1

'special needs' housing" while not allowing the plaintiff to return to "special needs" housing (Docket Entry No. 1, pp.1, 5–6). The plaintiff alleges Sheriff Hall, Ms. Gentry's boss, "approves, accepts, and does not correct the actions of Beth Gentry" (*Id.* at 6). The complaint was found to be "not facially frivolous" upon initial screening (Docket Entry No. 3, p.2). The plaintiff also filed a "Motion to File Tort Against Defendants," essentially seeking a preliminary injunction to freeze the defendants' assets (Docket Entry No. 16). On February 14, 2013, defendants filed a motion to dismiss arguing: (1) Mr. Hamby failed to state a claim and (2) they are entitled to qualified immunity (Docket Entry No. 13). Mr. Hamby filed a response to the motion to dismiss on February 25, 2013 (Docket Entry No. 15).

## **Statement of the Facts**

The following facts, contained in the plaintiff's complaint, are presumed to be true for the purposes of ruling on the defendants' motion to dismiss.

Plaintiff William Davidson Hamby, Jr., is confined at Davidson County's Sheriff's Office (Docket Entry No. 1, p.1). After his prisoner grievance was denied, the plaintiff filed this action under 42 U.S.C. § 1983 (*See id.* at 2). The plaintiff filed this claim against Beth Gentry, the jail's housing classification manager, and her boss, Sheriff Daron Hall (*Id.* at 2–3). The plaintiff was originally housed in the "special needs" section of the jail because he was a confidential informant (*Id.* at 5). Then, another inmate stated the plaintiff was "incompatible," so the plaintiff was placed in administrative segregation ("ad-seg"), where he has been since July (*Id.*). Since then, the inmate who described the plaintiff as "incompatible" has been released (*Id.*). In his cell in administrative segregation, the plaintiff is subjected to "brutal[ly] cold" temperatures without heat or additional blankets

2

23 hours per day (*Id.*). The plaintiff is shackled and handcuffed during his hour of recreational time (*Id.* at 5–6). Gentry "allows white inmates the right to return to 'special needs,'" even if they have received an "incompatible" complaint, while preventing the plaintiff, "an inmate of non-white descent," from returning to special needs (*Id.* at 6). Sheriff Hall, Ms. Gentry's boss, "approves, accepts, and does not correct the actions of Beth Gentry" (*Id.* at 6).

The plaintiff filed a motion opposing dismissal, in which he alleges the following additional facts (Docket Entry No. 15).[1] The plaintiff told Ms. Gentry that he is gay (*Id.* at 2). Then, the plaintiff was placed in administrative segregation and was required to wear handcuffs during his recreational hour (*Id.*). However, "all other Caucasian gays and informants are put in special needs" (*Id.*). The plaintiff indicates that multiple witnesses are signing an affidavit regarding Ms. Gentry's biased actions (*Id.*). The plaintiff alleges that his placement in administrative segregation is punitive (*Id.*). Administrative segregation has no windows, no televisions and is a "frigid 20 degrees" (*Id.* at 3). The plaintiff claims that his mental health has deteriorated as a result of his confinement in administrative segregation (*Id.*). As proof, the plaintiff attached medical records regarding a self-reported need for mental health medications and an incident in which the plaintiff cut himself (Docket Entry No. 15–1).

## **Standard of Review**

"A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations."

---

[1] The plaintiff erroneously entitled this document a "Motion to Opposition of Summary Judgement [*sic*]."

*Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). To survive a motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the plaintiff must allege facts which, if true, are sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," to meet this burden. *Twombly*, 550 U.S. at 555.

Upon review of a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The complaint of a plaintiff proceeding *pro se* must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "basic pleading essentials" still must be met. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## **Analysis**

As a preliminary matter, the additional facts alleged by the plaintiff in his responsive pleading are to be considered for the purposes of ruling on the instant motion to dismiss. Because the same leniency inherent in liberally construing the complaint of a *pro se* plaintiff applies to all filings, the plaintiff's response opposing dismissal is to be construed as an

4

amended complaint. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) ("the District Court should have read all of [the plaintiff's] filings together before dismissing this case . . ."); *Pearson v. Gatto*, 933 F.2d 521, 527 (7th Cir. 1991) (holding a letter submitted by a *pro se* plaintiff should have been construed as an amended complaint); *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1081 (5th Cir. 1991) (holding a *pro se* plaintiff's reply to the defendant's answer should have been construed as a motion to amend the complaint).

The plaintiff brought this suit under 42 U.S.C. § 1983. To state a claim under § 1983, the plaintiff must establish: (1) that he was deprived of a right secured by the Constitution or the laws of the United States, and (2) that the alleged deprivation was committed under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). The defendants have challenged the sufficiency of the plaintiff's allegations that he was deprived of a right secured by the Constitution and have raised the affirmative defense of qualified immunity (Docket Entry No. 13).

A. Qualified Immunity Defense

A government official performing discretionary functions is protected from civil liability under the qualified immunity doctrine unless, viewing the facts in the light most favorable to the plaintiff, a reasonable juror could find that: "(1) the defendant violated a constitutional right; and (2) the right was clearly established." *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir. 2011). A constitutional right is clearly established if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). A court may address the two prongs in either order, or

5

otherwise resolve the issue in an appropriate manner. *See Pearson v. Callahan*, 555 U.S. 223, 242 (2009).

"Dismissals on the basis of qualified immunity are generally made pursuant to Fed R. Civ. P. 56 summary judgment motions, not 12(b)(6) sufficiency of pleadings motions." *Grose v. Caruso*, 284 Fed. Appx. 279, 283 (6th Cir. 2008). Here, further development of the factual record is required to determine whether or not the plaintiff's constitutional rights were violated and, if so, whether or not those rights were clearly established. Therefore, dismissal on the basis of qualified immunity is inappropriate at this stage.

B. Claims against Sheriff Hall

Section 1983 does not support claims against a supervisor based upon solely upon a *respondeat superior* theory of liability. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The supervisor must have "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* (quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays*, 668 F.2d at 874. While discussing a § 1983 claim involving a retaliatory transfer, the Sixth Circuit held that to make out *respondeat superior* liability, "[h]aving the right to control the offending employee is not enough, simply being aware of the misconduct is not enough, and even administrative approval of an action later found to be retaliatory, without more, is not enough." *King v. Zamiara*, 680 F.3d 686, 696–697 (6th Cir. 2012), *cert. denied*, 133 S.Ct. 985 (2013).

6

Here, the plaintiff alleges that Sheriff Hall "approves, accepts, and does not correct" the actions of Ms. Gentry and "continues erratic policies" at the prison (Docket Entry No. 1, p.6). The plaintiff has not made any specific allegation that Sheriff Hall directly participated in the plaintiff's treatment. Nor has the plaintiff made any factual allegation regarding Sheriff Hall's actions that is sufficient to draw a reasonable inference that he may be liable for the alleged misconduct. Therefore, the plaintiff has failed to state a claim against Sheriff Hall and he should be dismissed as a defendant.

C. Claims Against Beth Gentry

The plaintiff has alleged Ms. Gentry violated his constitutional rights by: (1) placing him in administrative segregation housing, instead of "special needs" housing, (2) subjecting him to "brutal[ly] cold" temperatures, (3) requiring him to be handcuffed during his hour of recreational time and (4) discriminating against him by allowing other "white inmates the right to return to 'special needs' housing" while not allowing the plaintiff to return to "special needs" housing (Docket Entry No. 1, pp.5–6).

**Placement in Administrative Segregation and Handcuffing**

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from punishment prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Prison officials may subject a pretrial detainee to "the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id*. at 536–37. Moreover, conditions and restrictions that are "reasonably related to a legitimate governmental objective" may be imposed without violating the Due Process Clause. *Id.* at 540. If a restriction is

7

"arbitrary or purposeless," the court "may infer that the purpose of the governmental action is punishment" of the detainee. *Id.* at 539.

The standard announced in *Bell* still governs the substantive due process rights of pretrial detainees. *United States v. Budd*, 496 F.3d 517, 530 (6th Cir. 2007). As the defendants point out, the Sixth Circuit has used the cruel and unusual punishment standard from *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), to analyze some alleged violations of a pretrial detainee's Fourteenth Amendment rights. *See Estate of Harbin v. City of Detroit*, 147 Fed. App. 566, 569 (6th Cir. 2005); Docket Entry No. 14, p.1. While in certain instances, like the alleged cold conditions claim below, the use of the Eight Amendment standard is useful to analyze Fourteenth Amendment claims, it is not mandated. *See Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994) (stating that "[i]n addition" to the Eight Amendment's protections, pretrial detainees are protected from conditions of detention amounting to punishment under *Bell*).

Here, the plaintiff has alleged that there is no legitimate reason for his continued presence in administrative segregation because the inmate he was incompatible with is no longer in prison (Docket Entry No. 1, p.5). In the plaintiff's motion opposing dismissal, he also alleges that his confinement in administrative segregation is "punitive" and discriminatory in nature (Docket Entry No. 15, pp.2–3). At the very least, the plaintiff has sufficiently plead that his continued detention—as opposed to his initial placement—in administrative segregation is arbitrary and punitive, which, as a pretrial detainee, is sufficient to state a claim under § 1983. *See Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Under a liberal construction of

8

the plaintiff's complaint, the imposition of handcuffs and shackles during his recreational time is similarly arbitrary and punitive. While defendants have argued for dismissal of both of these claims under *Sandin v. Conner*, 515 U.S. 472 (1995), the *Sandin* analysis is necessarily fact-specific, and not appropriately applied on this undeveloped factual record. *See Jones v. Baker*, 155 F.3d 810, 813 (6th Cir. 1998); *Mackey*, 111 F.3d at 463; *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997).

### Conditions of Confinement

The Eighth Amendment bars the infliction of "cruel and unusual punishment." U.S. CONST. amend. VIII. The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from punishment, including the cruel and unusual punishment that the Eighth Amendment prohibits. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The prohibition against cruel and unusual punishment also imposes a duty upon prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care" to guarantee prisoner safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A claim of cruel and unusual punishment arising out of the conditions of confinement requires: (1) a "sufficiently serious" deprivation that falls below a "minimal civilized measure of life's necessities," and (2) "deliberate indifference to inmate health or safety" on the part of a prison official. *Spencer*, 449 F.3d at 727 (internal quotations omitted). "Because '[t]he circumstances, nature, and duration of a deprivation . . . must be considered in determining whether a constitutional

violation has occurred,'" the court must engage in a factual analysis to determine whether or not a deprivation is sufficiently serious. *Id.* at 728 (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). Moreover, if multiple severe conditions exist, "the court should also consider the interrelationship between the severe conditions and their duration, coupled with any other evidence in the record." *Francis v. Altiere*, 491 Fed. Appx. 539, 543 (6th Cir. 2012). The deliberate indifference prong requires proof of subjective knowledge, but "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Spencer*, 449 F.3d at 729 (quoting *Farmer*, 511 U.S. at 847).

Here, the plaintiff has alleged that his cell in administrative segregation was "brutal[ly] cold," without any heat and that he was not given extra blankets (Docket Entry No. 1, p.5). The plaintiff was allegedly placed in this cell in July and presumably remains there (*Id.*). In his motion opposing dismissal, the plaintiff also alleged that the cell was a "frigid 20 degrees" (Docket Entry No. 15, p.3). The Supreme Court has suggested that "a low cell temperature at night combined with a failure to issue blankets" may constitute cruel and unusual punishment. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Therefore, the plaintiff has alleged a sufficiently serious deprivation to make out the first element of the cruel and unusual punishment claim. Furthermore, a prisoner being subjected to such cold temperatures for months could be considered an obvious enough threat to prisoner safety to satisfy the second element of the claim. Therefore, the plaintiff has sufficiently alleged a violation of the Fourteenth Amendment to sustain a claim under § 1983.

**Discrimination**

To state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, the plaintiff must plead "sufficient facts to show 'that a state actor intentionally discriminated against [him] because of membership in a protected class.'" *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008) (quoting *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)).

Here, the plaintiff alleges that while he, "an inmate of non-white descent," is prevented from returning to the "special needs" section of the prison because he has an "incompatible" complaint lodged against him, white inmates with "incompatible" complaints are allowed to return to "special needs" (Docket Entry No. 1, p.6). In his motion opposing dismissal, the plaintiff alleges that white inmates with worse charges are allowed more privileges than he is given and indicates other inmates are signing an affidavit regarding "Gentry's biased behaviors" (Docket Entry No. 15, p.3). Furthermore, the plaintiff alleges that while "all other Caucasian gays and informants are put in 'special needs,'" black and Hispanic inmates are placed in administrative segregation (*Id.* at 2). The plaintiff has alleged specific facts giving rise to an inference that Ms. Gentry intentionally discriminated against him because of his race. Therefore, the plaintiff has sufficiently alleged a violation of the Equal Protection Clause.

The plaintiff has failed to state a claim under § 1983 against Sheriff Hall, and Sheriff Hall should be dismissed from this case. However, the plaintiff has sufficiently stated violations of his constitutional rights to sustain his claims under § 1983 against Ms. Gentry.

## Recommendation

For the reasons stated above, the undersigned Magistrate Judge recommends that the motion to dismiss filed on behalf of defendants, be GRANTED in part and

11

DENIED in part. The motion should be granted with respect to the claims against Defendant Sheriff Hall, and denied with respect to the claims against Defendant Beth Gentry.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 1st day of July, 2013.

        s/ John S. Bryant
        JOHN S. BRYANT
        United States Magistrate Judge