```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF TENNESSEE
                   NASHVILLE DIVISION
```

WILLIAM DAVIDSON HAMBY, JR.,   )
                                )
        Plaintiff               )
                                )     No. 3:12-1296
v.                              )     Judge Sharp/Bryant
                                )
BETH GENTRY; DARON HALL,        )
                                )
        Defendants              )

## MEMORANDUM AND ORDER

Plaintiff Hamby, a prisoner who is proceeding *pro se* and *in forma pauperis*, has filed three motions to compel discovery (Docket Entry Nos. 30, 32 and 33). In addition, Plaintiff apparently also seeks leave to amend his complaint in a motion docketed as Docket Entry No. 30. Defendants have filed a response in opposition (Docket Entry No. 34).

For the reasons stated below, Plaintiff's motion are DENIED.

Rule 37 of the Federal Rules of Civil Procedure, which governs motions to compel discovery, provides that the Court in an appropriate case may issue an order compelling an answer to a question asked in a deposition, an interrogatory, or a request for production of documents. Similarly, Local Rule 37.01 requires, among other things, that any motion to compel discovery state "verbatim each deposition question, interrogatory, request for admission, or a request for production that the subject of the motion." Both rules clearly contemplate that motions to compel

discovery are only proper after a party has failed to receive proper responses to previously served written discovery. Here, Defendants in their response state that Plaintiff Hamby has failed to serve any discovery upon them (Docket Entry No. 34 at 1). Furthermore, Plaintiff Hamby has failed to comply with Local Rule 37.01, which requires that any motion to compel discovery state "verbatim any interrogatory or request for production that has previously been served upon the nonmoving party." Indeed, insofar as the record indicates, Plaintiff Hamby has served no written discovery upon Defendants prior to filing these motions to compel. For this reason, the undersigned Magistrate Judge finds that Plaintiff's motions to compel discovery (Docket Entry Nos. 30, 32, and 33) should be DENIED.

As mentioned above, Plaintiff Hamby apparently has combined his motion for discovery docketed as Docket Entry No. 30 with a motion for leave to amend his complaint to add additional claims and parties. The undersigned Magistrate Judge finds that, to the extent that this motion seeks leave to amend the complaint, it fails to satisfy the requirements of Rule 8(a) of the Federal Rules of Civil Procedure which requires that a complaint contain a short and plain statement of the claim showing that the pleading is entitled to relief. Even applying a liberal pleading standard to which *pro se* litigants are entitled, the undersigned finds that this motion is a rambling, largely incomprehensible catalogue of

various complaints and grievances related to Plaintiff's confinement. The difficulty in understanding this motion is perhaps aggravated by Plaintiff's attempt to combine a motion related to discovery issues with one seeking leave to amend his complaint. In any event, the undersigned finds that, to the extent that Plaintiff's motion (Docket Entry No. 30) seeks leave to amend his complaint, it should be **DENIED** for failure to comply with the pleading requirements of Rule 8(a). This ruling is without prejudice to Plaintiff's right to seek leave to amend his complaint by the filing of a proper motion.

For the reasons stated above in this memorandum, the undersigned Magistrate Judge finds that Plaintiff's motions for discovery and for leave to amend (Docket Entry Nos. 30, 32, and 33) should be **DENIED**.

It is so **ORDERED**.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge