UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM DAVIDSON HAMBY, JR.,   )
                                )
        Plaintiff               )
                                )   No. 3:12-1296
v.                              )   Judge Sharp/Bryant
                                )
BETH GENTRY; DARON HALL,        )
                                )
        Defendants              )

## **O R D E R**

Plaintiff Hamby, a prisoner proceeding *pro se* and *in forma pauperis*, has filed his Motion for Injunctive Order/Relief (Docket Entry No. 39). By this motion, Hamby seeks a preliminary injunction requiring Defendant Beth Gentry to change his housing assignment within the Davidson County, Tennessee, jail, removing him from administrative segregation and releasing him into "general population's '2nd floor' for gays and inmates on psychiatric meds." (Docket Entry No. 39 at 1-2). Hamby also seeks certain injunctive relief against defense counsel, including denial of certain motions and granting certain motions filed by Hamby seeking discovery.

Defendants have filed a response in opposition, which adopts and incorporates by reference their response to Hamby's earlier motions seeking injunctive relief (Docket Entry No. 40).

For the reasons stated below, the undersigned Magistrate Judge finds that Hamby's motion for injunctive order/relief (Docket Entry No. 39) should be DENIED.

First, courts have long recognized that the Constitution

does not confer upon an inmate any right to any particular custody or security classification. *Moody v. Baggett*, 429 U.S. 78, 88 (1976); *Montanye v. Haynes*, 427 U.S. 236, 242 (1976). Similarly, prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Specifically, the Sixth Circuit has held that lengthy confinements in administrative detention do not violate the Eighth Amendment or the Fourteenth Amendment. *Merchant v. Hawk-Sawyer*, 37 F. Appx. 143 (6th Cir. 2002).

In addition, courts consider a preliminary injunction to be an extraordinary remedy which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). Courts generally accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than are the courts. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Given that Plaintiff Hamby as a matter of law has no constitutional right to a particular security classification or to a particular housing assignment, and considering the deference courts typically grant to correctional officials regarding security and housing assignments, the undersigned Magistrate Judge finds that Plaintiff Hamby has filed to demonstrate that his circumstances clearly demand the issuance of the injunctive order he seeks. Accordingly, the undersigned Magistrate Judge finds that Hamby's Motion for Injunctive Order/Relief (Docket Entry No. 39) should be **DENIED**.

It is so **ORDERED**.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge