```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

WILLIAM DAVIDSON HAMBY, JR.,  )
                              )
        Plaintiff             )
                              )    No. 3:12-1296
v.                            )    Judge Sharp/Bryant
                              )
BETH GENTRY; DARON HALL,      )
                              )
        Defendants            )

## MEMORANDUM AND ORDER

Plaintiff Hamby, a prisoner proceeding *pro se* and *in forma pauperis*, has filed three motions seeking leave to amend his complaint: Motion to Add Defendants to Suit (Docket Entry No. 44); Motion for (Swift) Emergency T.R.O./Amend Suit (Docket Entry No. 47); and Motion to Amend Suit/and Relief Sought (Docket Entry No. 51). Defendants have filed responses in opposition (Docket Entry Nos. 45 and 55).

For the reasons stated below, Plaintiff's motions to leave to amend must be DENIED.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states the rule favoring amendments and provides that the Court "should freely give leave when justice so requires." However, the Court is also obligated to consider several factors when presented with a motion for leave to amend pleadings, including the possibility of undue prejudice to the other parties. *Seals v. General Motors Corp.*, 546 F.3d 766, 700 (6th Cir. 2008). Here, two of Plaintiff's motions for leave to amend relate to an incident that allegedly occurred on November 15, 2013, following what Plaintiff characterizes as two failed suicide attempts (Docket

Entry Nos. 44 and 47). In substance, Plaintiff alleges that three corrections officers, Roberts, Wilkerson and McCleod, assaulted him and employed excessive force after being called to respond to Hamby's suicide attempts. The third motion to amend (Docket Entry No. 51) seeks to add as additional defendants six psychiatric health care providers who allegedly have violated Plaintiff's constitutional rights in a host of different ways.

All three of these motions seek to add new claims that arise from wholly different operative facts from those alleged in the original complaint. In addition, they seek to add as additional defendants numerous persons not presently parties to this case. If these claims and new defendants were added, it would necessarily prolong discovery and substantially delay the final disposition of the current claims. The undersigned Magistrate Judge finds, therefore, that to add these new, unrelated claims and these additional persons as new parties would necessarily work a material prejudice to the current Defendants by delaying substantially the resolution of Plaintiff's current claims against the Defendants.

For the foregoing reasons, the undersigned Magistrate Judge finds that Plaintiff Hamby's motions for leave to amend his complaint to add new claims and new parties (Docket Entry Nos. 44, 47 and 51) should be **DENIED** without prejudice to Plaintiff's right to file new lawsuits asserting these claims, if he wishes.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge