UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM DAVIDSON HAMBY, JR., ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:12-1296 |
| v. ) | Judge Sharp/Bryant |
| ) | **Jury Demand** |
| BETH GENTRY, ) | |
| ) | |
| Defendant ) | |

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

On September 29, 2014, Plaintiff Hamby, a prisoner proceeding *pro se*, filed his "Motion to Dismiss Suit" (Docket Entry No. 97). This motion is unsigned. Defendant Gentry has filed a response stating that she does not oppose Plaintiff's motion to dismiss his suit (Docket Entry No. 98).

Rule 11 of the Federal Rules of Civil Procedure requires that every pleading, motion and other paper must be signed by an attorney or by a party personally if the party is unrepresented. Plaintiff Hamby's motion to dismiss failed to satisfy this requirement.

Both because Plaintiff Hamby is proceeding *pro se* and because he failed to sign his motion to dismiss, the undersigned Magistrate Judge entered an order requiring Plaintiff Hamby to respond in writing on or before December 24, 2014, and state whether he intended to prosecute this case (Docket Entry No. 100). This order explicitly admonished Plaintiff that his failure to respond to the order may cause the undersigned to recommend that Plaintiff's complaint be dismissed for failure to prosecute.

Plaintiff Hamby has failed to respond to this order, and the time within which he was required to do so has expired. Accordingly, the undersigned Magistrate Judge finds that Plaintiff's complaint should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute.

### RECOMMENDATION

For the reasons stated above, the undersigned recommends Plaintiff's complaint be DISMISSED for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 13th day of January, 2015.

/s/  John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge